UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SALAMON'S HOME IMPROVEMENT, INC. and PATRICIO NAJERA ALTAMIRANO,<br><br>Defendants. | Case No.: 7:22-cv-7911<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Evanston Insurance Company ("Evanston"), by and through its counsel, Hinshaw & Culbertson LLP, brings this Complaint for Declaratory Judgment against Defendants and alleges as follows:

**NATURE OF ACTION**

1. Evanston brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, to obtain a declaration regarding its obligation to defend and indemnify Defendants Salamon's Home Improvement, Inc. ("Salamon's") in connection with claims asserted against it in the a personal injury lawsuit, captioned as <u>Patricio Najera Altamirano v. Yakov Bruer, Yossi Walter, Salamon Home Improvements, Inc. and Valley Framers LLC</u>, in the Supreme Court of New York, Rockland County, Index. No. 033818/2020 (the "Underlying Action"). A copy of the Complaint filed by Patricio Najera Altamirano in the Underlying Action is attached hereto as **Exhibit A**.

2. In the Underlying Action, plaintiff, Patricio Najera Altamirano, asserts claims based in negligence against Salamon's Home Improvements, Inc., alleging that he was injured when he fell and was struck by an object at 9 Salci Court, Chestnut Ridge, New York ("Premises").

## PARTIES, JURISDICTION, AND VENUE

3. Evanston is an Illinois corporation, with its principal place of business in Illinois, and an insurer that is authorized to do business in the State of New Jersey.

4. Evanston is domiciled and a citizen of Illinois.

5. Salamon's is a New York corporation, with its principal place of business in New York.

6. Salamon's is domiciled and a citizen of New York.

7. Upon information and belief, Patricio Najera Altamirano is a natural person who is domiciled and a citizen of New York.

8. As the plaintiff in the Underlying Action, Patricio Najera Altamirano is a potentially interested party that may be affected by the declarations sought by the within action. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).

9. As the plaintiff in the Underlying Action, Patricio Najera Altamirano likely has an interest in the outcome of this matter and, therefore, should be bound by any rulings entered in this matter to avoid duplicative litigations, or otherwise inconsistent rulings.

10. There exists an actual and justiciable controversy between and among the parties concerning their respective rights and obligations under a certain policy of insurance with respect to the Underlying Action, pursuant to 28 U.S.C. § 2201.

11. The Underlying Action seeks recovery of damages for significant and serious personal injuries to Patricio Najera Altamirano. **Exhibit A at ¶¶97, 101-102**.

12. This Court possesses jurisdiction over this action under 28 U.S.C. § 1332 because Plaintiff Evanston and the Defendants are citizens of different states, and the amount in

controversy exceeds the sum or value of $75,000, exclusive of fees and costs, in connection with defense and indemnification of the Underlying Action.

13. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Evanston's claim occurred in this judicial district within the State of New York, one or more parties reside, maintain registered offices and/or conduct business in this district, and the Underlying Action is pending in a New York state court in this district.

## FACTUAL BACKGROUND

**A.     The Underlying Action**

14. On August 24, 2020, Plaintiff, Patricio Najera Altamirano filed a complaint against, inter alia, Salamon's ("Defendants") in the Supreme Court of New York, Rockland County, Index. No. 033818/2020. **Exhibit A.**

15. In the Underlying Action, on July 15, 2021, Salamon's commenced a third-party action against Maestro Contracting Incorporated. ("Maestro"). A copy of the Third-Party Complaint filed by Salamon's in the Underlying Action is attached hereto as **Exhibit B**.

16. Patricio Najera Altamirano alleges that Salamon's was the general contractor for construction at the Premises. **Exhibit A at ¶66-67**.

17. Salamon's alleges that it contracted with Maestro to provide supply, materials, equipment, labor and/or to perform work and/or services at the Premises. **Exhibit B at ¶10.**

18. Salamon's alleges that Maestro in turn subcontracted with Maldonado Group Inc. ("Maldonado"). **Exhibit B at ¶8.**

19. Patricio Najera Altamirano alleges that Maldonado was a contractor at the Premises. **Exhibit A at ¶95**.

20. Patricio Najera Altamirano alleges that on March 30, 2020, he was employed by Maldonado at the Premises. **Exhibit A at ¶96**.

21. Patricio Najera Altamirano alleges he was injured in an accident that took place on March 30, 2020 at the Premises. **Exhibit A at ¶97**.

22. Patricio Najera Altamirano alleges that his injuries as a result of the accident were caused solely by and through the negligence of Salamon's. **Exhibit A at ¶98**.

23. The court in the Underlying Action entered default judgment against Maestro Contracting Incorporated and in favour of Salamon's Home Improvement by decision and order dated May 31, 2022. **Exhibit C**.

**B.    The Evanston Policy**

24. Evanston issued a general liability policy of insurance to Salamon's, in effect from December 10, 2019 to December 10, 2020 under Policy Number 3EW4487 ("Evanston Policy").

25. The Evanston Policy affords coverage under Coverage Part A subject to all policy terms, exclusions, conditions and definitions for "bodily injury", during the policy period caused by an "occurrence".

26. The Evanston Policy also contains an **Exclusion - Employer's Liability and Bodily Injury to Contractors or Subcontractors** (the "Bodily Injury to Contractors or Subcontractors Exclusion"), added by endorsement, which provides as follows:

**EXCLUSION – EMPLOYER'S LIABILITY AND
BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS
– MEGL 1637 05 17**

This endorsement modifies insurance provided under the following:

***

**B.** The following exclusion is added to Bodily Injury And Property Damage Liability:

This insurance does not apply to:

**Bodily Injury To Contractors Or Subcontractors**

"Bodily injury" to any:

**(1)** Contractor or subcontractor while working on behalf of any insured;

**(2)** Employee, volunteer worker, leased worker or temporary worker of such contractor or subcontractor indicated in Paragraph **(1)** above;

**(3)** Additional subcontractor, including the employees, volunteer workers, leased workers or temporary workers of such contractor or subcontractor indicated in Paragraph **(1)** above; or

**(4)** Any other person who performs labor in any capacity for or on behalf of any person indicated in Paragraph **(1)**, **(2)** or **(3)** above, with or without any form of compensation.

This exclusion applies:

**(a)** Even if the claim against any insured alleges negligence or other wrongdoing in the:

   **(i)** Selection, hiring or contracting;
   **(ii)** Investigation;
   **(iii)** Supervision or monitoring;
   **(iv)** Training; or
   **(v)** Retention of any contractor or subcontractor for whom any insured is or was legally responsible and whose acts or omissions would be excluded by Paragraph **(1)**, **(2)**, **(3)** or **(4)** above.

**(b)** Whether the insured may be liable as an employer or in any other capacity;

**(c)** To any obligation to share damages with or repay someone else who must pay damages because of the injury; and

**(d)** To liability assumed by the insured under an "insured contract".

27. The Evanston Policy also contains a **LIMITATION – CONTRACTOR OR SUBCONTRACTOR MANAGEMENT** Endorsement that states in relevant part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY FORM SCHEDULE

**A.** The following is added to Section **IV** – Commercial General Liability Conditions:

**Contractor Or Subcontractor Management**

Prior to the commencement of any work performed for or on behalf of the insured by a contractor or subcontractor, the insured must require, secure and maintain a certificate of insurance that confirms that the contractor or subcontractor:

**a.** Carries Commercial General Liability coverage with limits that are equal to or greater than the limits shown in the Schedule above; and

**b.** Names you as an additional insured on such coverage. If no limits are shown in the Schedule above, then the limits carried by the contractor or subcontractor must be equal to or greater than the limits shown in the Declarations of this Coverage Form.

If no limits are shown in the Schedule above, then the limits carried by the contractor or subcontractor must be equal to or greater than the limits shown in the Declarations of this Coverage Form.

**B.** If all of the conditions of the Contractor Or Subcontractor Management condition are not met or the insured fails to provide proof of compliance with such conditions at the time of an "occurrence" or offense involving the work performed by a contractor or subcontractor for or on behalf of the insured, then subject to the General Aggregate Limit or Products/Completed Operations Aggregate Limit, whichever applies, $50,000 is the most we will pay for the sum of all:

**1.** Damages under Coverage **A**;
**2.** Damages under Coverage **B**;
**3.** Medical Expenses under Coverage **C**;
**4.** Loss adjustment expenses;
**5.** Supplementary payments; and
**6.** Defense costs;

because of all "bodily injury" and "property damage" arising out of the "occurrence", or "personal and advertising injury" arising out of the offense, involving the work performed by the contractor or subcontractor for or on behalf of the insured.

Once this $50,000 limit is exhausted, we are no longer obligated to defend or indemnify any insured for such "occurrence" or offense.

All other terms and conditions remain unchanged.

**C.     Evanston's Coverage Position**

28.     On March 17, 2021, Evanston issued a disclaimer of coverage letter to Salamon's as to the Underlying Action because the Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion in the Evanston Policy precludes coverage for bodily injury to an employee of a contractor, subcontractor or additional subcontractor working on behalf Salamon's.

29.     Evanston's March 17, 2021 letter included a reservation of rights as to the Limitation Contractors or Subcontractor Management endorsement stating that to the extent that Salamon's failed to comply with the terms of the endorsement, then the most the Evanston Policy would pay for any costs is $50,000, inclusive of defense costs.

30.     In the March 17, 2021 letter, Evanston agreed to provide a courtesy defense to Salamon's, subject to a reservation of rights.

31.     Evanston is currently providing a courtesy defense to Salamon's in the Underlying Action, subject to a reservation of rights, including the right to file a declaratory judgment, withdraw from the defense and seek reimbursement of defense costs.

**COUNT ONE**

**REQUEST FOR DECLARATORY JUDGMENT THAT THE EMPLOYER'S LIABILITY AND BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS EXCLUSION PRECLUDES COVERAGE TO SALAMON'S FOR THE UNDERLYING ACTION**

32.     Evanston repeats and re-alleges each of the preceding paragraphs numbered 1 through 31 as if set forth at length herein.

33. At the time of the injury alleged by Patricio Najera Altamirano in the Underlying Actions, Patricio Najera Altamirano was working for Maldonado and performing labor for Maldonado at the Premises at the time of the accident.

34. At the time of the injury alleged by Patricio Najera Altamirano in the Underlying Actions, Maldonado was a subcontractor of Maestro.

35. At the time of the injury alleged by Patricio Najera Altamirano in the Underlying Actions, Maestro was a contractor of Salamon's.

36. The Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion contained in the Evanston Policy precludes coverage "'Bodily injury' to any **(1)** Contractor or subcontractor while working on behalf of any insured; **(2)** Employee, volunteer worker, leased worker or temporary worker of such contractor or subcontractor indicated in Paragraph **(1)** above; **(3)** Additional subcontractor, including the employees, volunteer workers, leased workers or temporary workers of such contractor or subcontractor indicated in Paragraph **(1)** above; or **(4)** Any other person who performs labor in any capacity for or on behalf of any person indicated in Paragraph **(1)**, **(2)** or **(3)** above, with or without any form of compensation."

37. The Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion precludes coverage for the Underlying Action because Patricio Najera Altamirano was working for Maldonado and performing labor for Maldonado at the time of the accident, and Maldonado was a contractor, subcontractor and/or additional subcontractor working on behalf of Salamon's.

38. Evanston is entitled to a declaration that coverage is fully precluded for Salamon's based on the Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion.

39.     As such, Evanston is entitled to a declaration that it has no obligation to defend Salamon's in connection with the Underlying Action based on the Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion.

40.     Evanston is entitled to a declaration that it may withdraw from the defense of Salamon's in the Underlying Action.

41.     Evanston is entitled to a declaration that it has no obligation to indemnify Salamon's in connection with the Underlying Action for Patricio Najera Altamirano's injuries.

42.     There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to the availability of coverage under the Evanston Policy for the claims asserted in the Underlying Action.

43.     A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Evanston has no other adequate remedy at law which will resolve the current controversy.

**WHEREFORE**, Plaintiff Evanston Insurance Company respectfully requests a declaration that:

A. The Employers Liability and Bodily Injury to Contractors and Subcontractors Exclusion fully precludes coverage for the Underlying Action and Patricio Najera Altamirano's injuries;

B. Evanston has no obligation to defend Salamon's and may withdraw from the defense of Salamon's in the Underlying Action;

C. Evanston has no obligation to indemnify Salamon's in connection with the Underlying Action;

D. Evanston has no obligation to defend or indemnify Salamon's in connection with the Underlying Action; and

E. For such other relief as is just and equitable herein.

**COUNT TWO**

**REQUEST FOR DECLARATORY JUDGMENT THAT THE
CONTRACTOR LIMITATION ENDORSEMENT APPLIES**

44. Evanston repeats and re-alleges each of the preceding paragraphs numbered 1 through 31 as if set forth at length herein.

45. At the time of the alleged incident in the Underlying Action, contractors and subcontractors working on behalf of Salamon's provided construction services at the Premises. Prior to the commencement of the work performed by contractors and subcontractors working on behalf of Salamon's, Salamon's did not require, secure and maintain a certificate of insurance that confirms the contractors and subcontractors working on behalf of Salamon's named Salamon's as an additional insured on its commercial liability policy.

46. Additionally, Salamon's failed to produce any contract requiring the contractors and subcontractors working on behalf of Salamon's 1) carry Commercial General Liability coverage with limits that are equal to or greater than the required limits; and 2) that names Salamon's as an additional insured on such coverage.

47. Specifically, Maestro and/or Maldonado were hired by Salamon's to act as the foundation contractors and/or subcontractors on the Premises.

48. Salamon's did not comply with the conditions of the Contractor Limitation as it did not: require, secure and maintain a certificate of insurance that confirms that the contractor or subcontractor [*i.e.* Maestro and/or Maldonado]:

    a. Carries Commercial General Liability coverage with limits that are equal to or greater than the limits shown in the Schedule above; and

    b. Names you as an additional insured on such coverage.

49. As such, Salamon's failed to comply with the Contractor Limitation Endorsement in the Policy.

50. Therefore, Evanston seeks a declaration that to the extent the Court determines coverage exists under the Evanston Policy for the Underlying Action, the Evanston Policy's per occurrence limit of $1,000,000 is reduced to $50,000 as set forth in the Contractor Limitation Endorsement.

51. Evanston also seeks a declaration that, once the $50,000 policy limit is exhausted by either defense, indemnity or other costs as specified in the Contractor Limitation Endorsement, Evanston has no further obligation to defend or indemnify Salamon's in connection with the Underlying Action.

**WHEREFORE**, Evanston respectfully requests that this Court enter judgment in its favor as follows:

A. For a declaratory judgment that in the event the Evanston Policy is determined to provide coverage for the Underlying Action for Salamon's, the $50,000 policy limit set forth in the Contractor Limitation Endorsement applies to the coverage sought by Salamon's in connection with the Underlying Action;

B. A judgment declaring once the $50,000 policy limit set forth in the Contractor Limitation Endorsement is exhausted, Evanston has no obligation to defend or indemnify Salamon's in connection with the Underlying Action; and

C. For such other and further relief as this Court deems just and proper.

[Continued on the Next Page]

**JURY DEMAND**

Plaintiff demands a jury trial on all such triable issues.

Dated:  September 15, 2022

                                          By:  /s/ Matthew C. Ferlazzo
                                                April T. Villaverde
                                                Matthew C. Ferlazzo
                                                HINSHAW & CULBERTSON LLP
                                                800 Third Avenue, 13th Floor
                                                New York, NY 10022
                                                Avillaverde@hinshawlaw.com
                                                Mferlazzo@hinshawlaw.com
                                                Office: (212) 471-6200
                                                Fax: (212) 935-1166
                                                *Attorneys for Plaintiff*
                                                *Evanston Insurance Company*